THIS was an inquisition of *Forcible Entry* &c. taken before two Justices of *Lancaster* county. The proceedings being removed by *certiorari* into this Court, *Bradford* now moved that they might be quashed; and shewed for cause, that the Defendant is stated in the inquest to have been *possessed*, but no estate, or term is laid; which, he said, was adjudged to be insufficient in a case of *Respublica versus Scott*, the Court there observing that *Hawkins* was express, that an inquisition of *Forcible Entry* &c. will not lie in the case of a tenant at will.

BY THE COURT: Let the proceedings be quashed.

### ROSS *versus* CLARKE.

FOREIGN attachment.—*Clarke*, the Defendant in this case, had obtained judgment upon a *scire facias* against *Ross*, the Plaintiff, as special bail of one *Munro*; and a stay of proceedings was entered untill the ensuing term, when *Ross* was to pay the money recovered into Court, if before that time the original debtor had not satisfied the debt. The stay being elapsed, *Ross* paid the money, but, upon an apprehension that payment might have been made by *Munro*, though no accounts were received of it, he immediately issued this *foreign attachment* against *Clarke*, and laid it in the hands of the *Prothonotary*.

On

On a rule to fhew caufe why the writ fhould not be quafhed, *Moylan* contended, that *foreign attachments* might be laid in any hands whatfoever; that in *England* they iffued out of an inferior Court, and, therefore, could not call money from a fuperior jurifdiction; but that this reafon, which governed all the adverfe cafes determined there, did not apply under the law or practice of *Pennfylvania.*

*Cox,* in fupport of the rule, obferved, that there are many inftances where attachments would not lie, befides the one mentioned by his opponent. A debt due by recovery on record, cannot be attached; nor goods levied in execution by *fieri facias.* *Com. Dig.* 424. nor property of a fovereign ftate: *Nathan verfus Virginia ant.*77. *in not.* But, he contended, that the mifchief would be intolerable, if the effects of one fuit could be thus drawn into perpetual litigation by another.

By the Court.—The money is to be confidered in the fame ftate, as if it had been paid into the hands of the Sheriff. If a proceeding of this kind were allowed, there could be no end to fuits. We are unanimoufly of opinion, that the *foreign attachment* has iffued irregularly and ought to be quafhed.