Adelson *v.* Kocher (Hayes et ux., Appellants).

Argued March 7, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Chas. F. Wharen,* for appellants.

*Joseph P. Flanagan,* for appellee.

OPINION BY KELLER, P. J., April 11, 1944:

On December 10, 1934, George K. Kocher, Sr. died
leaving last will and testament, dated August 4, 1931,
and duly admitted to probate after his death, in which
he devised a dwelling house and lot on the southwest
corner of Towanda and Northumberland Streets, in
the Borough of White Haven, to his son, George K.
Kocher, Jr. and his daughter Pearl Hindman, in equal
shares.

On January 2, 1935, judgment was entered by con-
fession in Luzerne County to No. 603 January Term
1935 against George K. Kocher, Jr., in favor of Simon
Adelson, in the sum of $988.29, with interest from
March 11, 1929, pursuant to warrant contained in a
judgment note dated February 11, 1929, payable one
month after date. Said judgment was duly entered in
the Judgment Index in the Prothonotary's office against
George K. Kocher, Jr., defendant, and became a lien

on his undivided one-half interest in the above devised real estate in White Haven.

On September 16, 1938, the plaintiff, Adelson, by his attorney, filed a praecipe to No. 1814 October Term, 1938 for the issuance of a writ of scire facias to revive the judgment to No. 603 January Term, 1935, naming George K. Kocher, Jr. or George H. Kocher, Jr., as defendant, and Lloyd S. Hayes and Violet Hayes, as terre-tenants. The writ was returned by the Sheriff 'Nihil habet' as to the named defendant, George K. Kocher, Jr. or George H. Kocher, Jr., and served personally on the terre-tenants Lloyd S. Hayes and Violet Hayes at their dwelling house, No. 202 Northumberland Street, White Haven, on Tuesday, the 20th day of September, 1938 at 12:30 o'clock P. M. by handing each of them a true and attested copy of the writ and making known the contents thereof. On September 21, 1938 a general appearance was entered for the said terre-tenants by an attorney-at-law.

Lloyd S. Hayes, one of the terre-tenants, filed an affidavit of defense, which admitted the conveyance of an interest in real estate in White Haven Borough from George K. Kocher, Jr. on June 1, 1936 and asked "that the scire facias be dismissed as to him and Violet Hayes, the terre-tenant", because, he averred, the note on which the confession of judgment was entered to No. 603 January Term, 1935, was signed by George H. Cocber, Jr., who is not a party to said action, "all of which appears of record".

The scire facias came on for trial, and by agreement of the parties was submitted for decision to the court without a jury, which, after hearing the evidence, made its decision in favor of the plaintiff and against the terre-tenants, and subsequently, on March 27, 1943, dismissed the exceptions filed by the terre-tenants and entered judgment on the finding and decision of the

court, continuing the lien of the original judgment against the terre-tenants.

The terre-tenants appealed.

The only defense raised in the affidavit of defense and on the trial in the court below was that the original judgment note was signed 'George H. Cocher, Jr.' and not 'George K. Kocher, Jr.' against whom the judgment was entered and indexed.

The original note was produced at the trial and the trial court, in its decision, said that "the signature of the defendant, like that of many people, would be unreadable to one not knowing defendant's name. However, the signature to the note is undoubtedly the signature of the defendant, who signed it,[1] and the hieroglyphics he used in signing his name, justify the entry of the judgment exactly as it was entered".

The court, in its decision, further correctly stated that the entry of the judgment and its indexing against George K. Kocher, Jr. constituted legal notice to these terre-tenants of the lien of the judgment when they purchased the land subject to the judgment; and properly concluded that the terre-tenants can set up no defense attacking the validity of the original judgment, it appearing to be regular upon its face; and that no evidence had been introduced upon the trial which successfully denied the existence of the judgment.

The court found as facts (1) that the note on which the judgment was entered was signed and delivered to the plaintiff by the defendant, George K. Kocher, Jr., to secure the payment of money borrowed at the time; (2) that the name signed to the note is George K. Kocher, Jr. and is the signature of the defendant in the judgment; (3) that the note was regularly and properly entered as a judgment and was properly and

---

[1] Adelson, the plaintiff, testified on the trial that the note was signed by George K. Kocher, Jr., in his presence.

correctly indexed against George K. Kocher, Jr.; (4) that the lands conveyed by George K. Kocher, Jr. to the terre-tenants were conveyed subject to the lien of the judgment and that said lien still continues; (5) and that nothing has been paid on the judgment since it was entered.

The court properly held that the only defense in the trial of a scire facias sur judgment is a denial of the existence of the judgment or proof of a subsequent satisfaction or discharge thereof, (*Dowling v. McGregor*, 91 Pa. 410; *Taylor v. Tudor*, 83 Pa. Superior Ct. 459; *Miller Bros. v. Keenan*, 90 Pa. Superior Ct. 470); and that the terre-tenants had failed to produce any evidence supporting a denial of the existence of the judgment or of its satisfaction or discharge.

A *terre-tenant,* as used in our law, is one who became the owner of an interest in the real estate after the lien of the judgment attached: *Havens v. Pearson,* 334 Pa. 570, 574, 6 A 2d 84, 87.

"A terre-tenant is one who has purchased an estate mediately or immediately from the debtor while it was bound by a judgment": *Ellinger v. Krach,* 150 Pa. Superior Ct. 384, 386, 28 A. 2d 453, 454, affirmed, 346 Pa. 52, 29 A. 2d 677.

By the admissions of the affidavit of defense, these appellants were 'terre-tenants'.

The judgment appealed from is not a *personal* judgment against the appellants. It does nothing more than *continue the lien* of the original judgment existing against the land of the defendant at the time it was conveyed to the terre-tenants.

Judgment affirmed.