**In re James R. WILLIAMSON, Debtor.**

**James R. WILLIAMSON, Plaintiff,**

v.

**Donald N. DENSON, Defendant.**

**Bankruptcy No. 80–885.**
**Adv. No. 80–1106.**

United States Bankruptcy Court,
W. D. Pennsylvania.

May 26, 1981.

Edward C. Leckey, Pittsburgh, Pa., for plaintiff James R. Williamson.

Robert O. Lampl, Pittsburgh, Pa., for defendant Donald N. Denson.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

### FACTS

On June 11, 1980 James Williamson, Jr., a married man, filed a voluntary petition for himself only in bankruptcy under Chapter 7 pursuant to 11 U.S.C. § 301. This court entered an Order of Discharge on September 22, 1980. The § 524(d) hearing was held on April 3, 1981.

The debtor-plaintiff filed on December 15, 1980 a Complaint to Avoid Liens and Determine Discharge on liens held or taken by Donald N. Denson, Trustee, on plaintiff's interest in real estate known as 617 Farm Lane, Rochester, Beaver County, Pennsylvania. Plaintiff holds this property with his wife Celestine M. Williamson as tenants by the entireties. Defendant filed an Answer and Counterclaims.

The subject lien concerns a judgment entered by the Florida Circuit Court of the Fifth Judicial District on October 16, 1978 for the amount of $201,100.43 in favor of defendant and against both James R. Williamson and his wife, Celestine M. Williamson. As there were no assets held in Florida by either of the Williamsons, this judgment was entered on November 15, 1978 against James R. and Celestine Williamson in the Court of Common Pleas of Beaver County, Pennsylvania under the Uniform Enforcement Foreign Judgments Act of the Commonwealth of Pennsylvania, 42 Pa.C.S. § 4306. On December 7, 1979, by Order of the Court of Common Pleas of Beaver County, the above judgment against Celestine M. Williamson was declared null and void and stricken from the record. The December 7, 1979 Order is currently the subject matter of an appeal to the Superior Court of Pennsylvania.

In Florida on May 12, 1980 judgment was entered in favor of defendant Denson but against James R. Williamson. Under the same Act, on June 16, 1980 judgment was entered against James R. Williamson in the amount of $199,100.43. Donald N. Denson, Trustee, the claimed amount shown as $201,100.43 for a guarantee of a Note of Ocala Recreation and Gulf Properties, Inc. However, by Amendment on July 11, 1980 to Schedule A–3, Donald N. Denson was listed as an unsecured creditor in the amount of $199,100.43. This claim was shown as incurred as a result of a guarantee of a Note of Ocala Recreation and Gulf Properties, Inc.

Plaintiff under § 522(b)(2)(A) and (B) opted for the State exemption and claimed as "exempt" the property and house known as 617 Farm Lane, Rochester, Beaver County, Pennsylvania, owned by plaintiff and his wife as tenants by the entireties. In his complaint to avoid liens the debtor-plaintiff prays for three acts of relief. First, the plaintiff prays that the November 15, 1978 judgment entered in the Court of Common Pleas of Beaver County, Pennsylvania be avoided so as not to impair the plaintiff's "exemptions". Secondly, the plaintiff prays that the court discharge the underlying debt which merged into the judgments

against him in Florida and Beaver County, Pennsylvania. Thirdly, the plaintiff prays that the court avoid the fixing of the lien against plaintiff's interest in real property arising from a judgment entered on June 16, 1980. Plaintiff argues that the Florida judgment of May 12, 1980 was entered in Pennsylvania on June 11, 1980, in violation of the automatic stay provided under 11 U.S.C. § 362(a)(1) and (4). Plaintiff alleges that the second effort at fixing the Florida lien in Pennsylvania was not perfected or enforceable against bona fide purchasers within the meaning of 11 U.S.C. § 545(2).

On the grounds of lack of notice, the defendant requests an opportunity to examine debtor-plaintiff and fifteen days thereafter to file an appropriate objection to the exemption. Defendant contends that the Florida debt due and the Florida lien are not avoidable. Defendant also prays to have the proceedings stayed for a reasonable period of time in order to file an involuntary petition against the wife and then to consolidate the cases. Because the plaintiff has asserted the Pennsylvania immunity of the entireties property, it is the defendant's contention that the 617 Farm Lane property is not now property of the estate, and that accordingly defendant is entitled to relief from the stay to file the lien. Finally, defendant prays that the lien be declared nonavoidable on the grounds that said lien is followed by a mortgage. The defendant argues that his lien has priority over the mortgage and a mortgage is not a judicial lien voidable by the court, thereby making the lien not subject to avoidance.

As to defendant's claim of lack of notice, this court continues the claim as to defendant's requests to stay proceedings to allow defendant to file an involuntary petition, to examine the plaintiff, and to have fifteen days to file appropriate objections to exemptions. The court observes that the defendant doesn't require a stay to file an involuntary petition against the plaintiff's spouse; defendant may file such a petition at any time and need not seek permission from this court to do so. This court focuses on the issue of whether one debtor spouse in bankruptcy, owning property with the nonbankrupt spouse as tenants by the entireties and electing Pennsylvania exemptions, can avoid liens. A resolution of that issue will be dispositive of the other issues.

Filing of the bankruptcy petition under § 301, 302 or 303 creates the estate and legislative history indicates that as of the commencement of the case all property interests of the debtor are initially included, even those interests of the debtor in exempt property. Once the interest becomes part of the estate, the debtor may exempt it under § 522(b). Section 541 is to be construed broadly. House Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 367–8; Senate Rep. No. 95–989, 95th Cong., 2nd Sess. (1978) 82–3, U.S. Code Cong. & Admin. News 1978, p. 5787. It was the intent of Congress to include all property of the estate, even property which was exempt under § 541(a).

Until exemptions are granted the debtor's interest in 617 Farm Lane property is property of the estate under 11 U.S.C. § 541, subsection (a) of which designates the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." The Code provides for exempt property to be removed from the estate. See § 362(c)(2)(C) and Rule 403. The debtor's interest in entireties property is removed from the estate. On closer examination, § 522(b)(2)(B) specifically addresses itself to property exempt from process under nonbankruptcy law, such as property held as tenants by the entireties. The trustee would have no further interest in this property and it is no longer part of the estate.

Not being part of the estate is not dispositive of the case because the plaintiff asks to avoid liens under § 522(f)(1). Is this property exemption within the meaning of § 522(f)? For this further analysis is needed.

Under 11 U.S.C. § 522(b)(2) the debtor has the choice to elect either (1) the Federal exemptions granted in § 522(d) or (2) any property exempt under other Federal law (other than that designated by § 522(d) and

the State law exemption plus under § 522(b)(2)(B) "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law."

■ At first reading it might appear that § 522(b)(2)(B) allows the debtor an "exemption in rem" for an interest in property based on the form of ownership as a tenant by the entirety. The Code qualifies this "exemption" by restricting the exemption to that interest which would have been exempt from process under applicable nonbankruptcy law. The U. S. Bankruptcy Code does not address the different state definitions of entireties property. Thus, a debtor's interest in entireties property is defined by the law of the domicile state. Report of the Commission on Bankruptcy Laws of the United States, H.R. Doc. 93–137, 93rd Cong., 1st Sess. Pt. I at 194 (1973); 4 *Collier on Bankruptcy*, § 57 541.02 at 541–10 (15th ed., 1979).

It is necessary to examine Pennsylvania law. Pennsylvania by statute exempts from attachment or execution two categories of property: (1) a General Monetary Value of $300.00 and (2) other particular personal property. Subchapter B in Chapter 81, Judgments and Other Liens of the Judicial Code of Title 42, Pennsylvania Consolidated Statutes, entitled Judiciary and Judicial Procedure, Sections 8123 and 8124 outlines those exemptions:

§ 8123 General monetary exemption

(a) General rule—In addition to any other property specifically exempted by this subchapter, property of the judgment debtor to the value of $300, including bank notes, money, securities, real property, judgments or other indebtedness due the judgment debtor, shall be exempt from attachment or execution on a judgment. Within such time as may be prescribed by general rules the judgment debtor may claim the exemption in kind and may designate the specific items of property to which the exemption provided by this section shall be applicable, unless the designated property is not capable of appropriate division, or the judgment debtor may claim the exemption in cash out of the proceeds of the sale.

(b) Exception—Subsection (a) shall not apply to any judgment:

(1) For support.

(2) Debtor who is not an individual.

(3) Obtained for board for four weeks or less.

(4) For $100 or less obtained for wages for manual labor.

(5) Obtained in foreclosing a mortgage secured upon real property whether the judgment is by an action on a note, bond or other evidence of indebtedness accompanying a mortgage. The exception to the general monetary exemption provided for in this paragraph shall be limited to the real property secured by the mortgage. The exception shall not apply to any deficiency judgment.

(c) Reduction—The amount of the exemption specified in subsection (a) shall, as to executions issued by the minor judiciary, be reduced by the value of any real or personal property of the judgment debtor which is generally subject to attachment or levy and sale upon execution but which by law is not subject thereto upon executions issued by the minor judiciary.

§ 8124 Exemption of particular property

(a) Goods—The following personal property of the judgment debtor shall be exempt from attachment or execution on a judgment:

(1) Wearing apparel.

(2) Bibles and school books.

(3) Sewing machines belonging to seamstresses or used and owned by private families, but not including sewing machines kept for sale or hire.

(4) Uniforms and accoutrements as provided by 51 Pa.C.S. § 4103 (relating to exemption of uniforms and equipment).

(b) Retirement funds and accounts—The following money or other property of the judgment debtor shall be exempt from attachment or execution on a judgment:

(1) Certain amounts payable under the Public School Employees' Retirement Code as provided by 24 Pa.C.S. § 8533 (relating to taxation, attachment and assignment of funds).

(2) Certain amounts payable under the State Employees' Retirement Code as provided by 71 Pa.C.S. § 5953 (relating to taxation, attachment and assignment of funds).

(3) The retirement allowance provided for in the act of May 24, 1893 (P.L. 129, No. 82).

(4) Compensation or pension provided for in the act of May 20, 1915 (P.L. 566, No. 242).

(5) Compensation or pension provided for in the act of May 28, 1915 (P.L. 596, No. 259).

(6) The retirement allowance, contributions and returned contributions under the act of February 1, 1974 (P.L. 34, No. 15), known as the "Pennsylvania Municipal Retirement Law."

(7) Any pension or annuity, whether by way of a gratuity or otherwise, granted or paid by any private corporation or employer to a retired employee under a plan or contract which provides that the pension or annuity shall not be assignable.

(8) Any retirement or annuity fund of any self-employed person (to the extent of payments thereto made while solvent, but not exceeding the amount actually excluded or deducted as retirement funding for Federal income tax purposes) and the appreciation thereon, the income therefrom and the benefits or annuity payable thereunder.

The above list of exemptions from execution describe specific property *in rem* as free from execution, attachment, etc. These exemptions are legal remedies available to Pennsylvania defendant-debtors whether or not they are in a bankruptcy proceeding. The Pennsylvania statutes do not exempt from execution property held as tenants by the entireties.

However, the common law in Pennsylvania is clear and without dispute. Where only one spouse is a debtor, entireties property is immune from process, partition, levy, execution and sale. The policy that the common law attempts to serve is protection of the family entity from debts of only one spouse. In Pennsylvania entireties property is owned by both spouses *per tout et non per my*, upholding the fiction that husband and wife are one entity. *Holmes Estate*, 414 Pa. 403, 200 A.2d 745, 747 (1964); *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d 164 (1966). See also *In re Joseph Barsotti*, 7 B.R. 205, 6 B.C.D. 1295 (Bkrtcy. 1980). Neither tenant of the entireties property may sever or partition the property by a unilateral conveyance without the joinder of the other, nor can entireties property be subject to lien or execution by a creditor of a single spouse during the time both spouses are alive. *McEwen's Estate*, [4] 348 Pa. 23, 33 A.2d 14 (1943); *Sloan's Estate*, 254 Pa. 346, 98 A. 966 (1916); *Beihl v. Martin*, 236 Pa. 519, 84 A. 953 (1912). See also *In re Joseph Barsotti, supra*. The death of one spouse does not extinguish the concept of the undivided whole of the entireties property. If creditors have a judgment lien against only one spouse, and that spouse predeceases the other, the lien is extinguished. On the other hand, if the non-judgment lien spouse dies first, the creditor can execute against the surviving spouse. *United States National Bank v. Penrod*, 354 Pa. 170, 47 A.2d 249, 250 (1946). A judgment lien against one spouse is inchoate in that it cannot be the source of legal process-execution against entireties property. The common law protects the entireties property only as long as the unity lasts. If Mr. Williamson survives his wife, the judgment attaches. If he precedes his wife in death, the judgment is extinguished. Thus, in Pennsylvania, property held as tenants by the entireties is immune only from process where a creditor holds a judgment lien against a single spouse.

■ This "immunity" from process in Pennsylvania is easily distinguished from an *in rem* exemption. The Federal and statutory Pennsylvania exemptions relate to specific things and are *in rem* in nature. Once property is claimed and allowed under a bankruptcy exemption, it cannot be attached by judgments existing at the time it is claimed. Entireties immunity from process, on the other hand, is a different matter.

This court found in *In re Joseph Barsotti, supra,* that the election of Pennsylvania exemptions also obtained Pennsylvania immunity from process for entireties property. It found that the common law immunity is based on a policy designed to protect the family entity of husband and wife and is only available to the entity of husband and wife. In *Barsotti* the trustee was acting on behalf of the creditors of the husband and attempting to partition entireties property. If the federal exemptions are selected, partition by the trustee would be possible. Here debtor seeks to expand the Pennsylvania exemptions by the somewhat clumsy language of § 522(b)(2)(B). This would abuse both the Code and Pennsylvania statutory and common law and create an exemption *in rem* based on merely the entireties form of ownership.

■ On this distinction this court holds that a debtor electing the Pennsylvania exemptions gets exactly that—the Pennsylvania exemptions set forth in 42 Pa. Code §§ 8123, 8124, and such immunity from process in property held as tenant by the entireties as available under Pennsylvania common law.

The policy concerning avoidance of liens is set forth in 11 U.S.C. § 522(f). Section 522(f) states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, or the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

■ The legislative history indicates the purpose of this section is to protect the debtor's exemptions, his discharge and his fresh start. The debtor may avoid the fixing of judicial liens which impair exemptions. H.Rep. No. 95–595, 95th Cong., 1st Sess. (1977) 362; S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978) 76 (subsection (e)).

In this case the lien held by Denson against Williamson above does not impair Williamson's entireties property. The immunity from process of Williamson's entireties property under Pennsylvania law is not impaired. The entireties property remains immune from this lien. Unless a lien impairs an exemption during the administration of the case, it cannot be avoided.

The Code defines the interest of the debtor as of the date of filing or an interest in property the debtor acquired within 180 days after the filing by bequest, devise, inheritance, property settlement with debtor's spouse, and interlocutory or final divorce decree (§ 541(a)(5)). What the debtor seeks here is protection for property which may become his at a future date beyond the 180 days. The court will not grant avoidance of this lien because Pennsylvania law does not exempt this interest.

In summary, this court holds that debtor's interest in the 617 Farm Lane property held as tenants by the entireties is initially property of the estate under 11 U.S.C. § 541(a), that upon selecting Pennsylvania exemptions it became "exempt from process" of a lien of one debtor spouse under applicable nonbankruptcy Pennsylvania

law.  See § 362(c)(2)(C), Rule 403, and § 522(b)(2)(B).  An interest in property held as tenants by the entireties is not an *in rem* exemption under the Pennsylvania law. Rather, the common law of Pennsylvania establishes an immunity from process for entireties property where a creditor holds a judgment against one spouse only.  One debtor spouse having an interest in entireties property electing Pennsylvania exemptions receives exemption from process to the same extent that interest is protected under Pennsylvania law.  This Pennsylvania common law immunity does not create an additional *in rem* exemption by virtue of § 522(b)(2)(B).  Therefore, one spouse in bankruptcy, holding property as a tenant by the entirety, cannot avoid a lien because the lien does not impair the immunity from process.  The entireties property no longer is property of the estate when the time for objecting to exemptions has passed.

An appropriate Order will be entered.