**In re Joseph M. RILEY, Sr., Margaret F. Riley (Jointly Administered with: James J. Lavin and Diane S. Lavin, H/W—Bankruptcy No. 82–00597K), Debtors.**

**Bankruptcy No. 82–00598K.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 11, 1985.

■

Robert C. Perry, Philadelphia, Pa., for debtors.

Jeraldine B. Davis, Asst. Counsel, Philadelphia, Pa., for Fidelity Bank.

James J. O'Connell, Philadelphia, Pa., Chapter 13 standing trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The question to be resolved is whether one spouse in a joint case under Chapter 13 of the Bankruptcy Code ("Code") may exempt real property owned by the debtors as tenants by the entireties which is subject to a joint judgment lien. For the reasons stated herein, we conclude that he may not. Accordingly, we will order the debtors to amend their plan.

The facts of the case are as follows:[1] In 1979, Joseph M. Riley, Sr., Margaret F. Riley, James J. Lavin and Diane S. Lavin ("debtors") executed a note payable to Fidelity Bank ("creditor"). The Lavins are the son-in-law and daughter of the Rileys. The creditor confessed judgment on the note, resulting in a lien on the debtors' real property.

In 1982, the debtors filed petitions under Chapter 13 of the Code, and an Order was subsequently entered for the joint administration of the cases. Under each of the respective amended Chapter 13 plans, one spouse elected to exempt from property of the estate all personal property under § 522(b)(1) of the Code, and the other

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

spouse elected to exempt all interest in real property owned by the debtors as tenants by the entireties pursuant to § 522(b)(2). The creditor filed rejections of the amended plans.

Section 522(b)(2)(B) of the Code provides that a debtor may exempt from property of the estate any interest in property which the debtor had, immediately before the commencement of the case, as a tenant by the entirety, to the extent that the interest is exempt from process under applicable nonbankruptcy law.

Section 522(f) of the Code provides that a debtor may avoid a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor is entitled.

In rejecting the amended plans, the creditor asserts that the debtors may not exempt their real property under § 522(b)(2)(B), which would have the effect of avoiding the creditor's lien pursuant to § 522(f).

"Under Pennsylvania law, a tenancy by the entireties is an estate by which property, either real or personal, is held jointly by husband and wife with right of survivorship. It is held 'per tout et not per my,' that is, each spouse is seized of the whole and not of any divisible fraction." *Hackett v. Commercial Banking Corp.* (In re Hackett), 13 B.R. 755 (Bankr.E.D.Pa.1981) (quoting *Spinelli v. Spinelli*, 264 F.Supp. 107 (E.D.Pa.1967)).

In Pennsylvania, entireties' property may be reached by creditors to satisfy the joint debts of husband and wife and, in this respect, such property is not exempt from process. *Consumers Time Credit, Inc. v. Remark Corp.*, 248 F.Supp. 158 (E.D.Pa.1965); *Arch Street Building & Loan Association v. Sook*, 104 Pa.Super. 269, 158 A. 595 (1932).

While a creditor of a debtor alone may not levy on the debtor's undivided individual interest, a creditor with a joint judgment on a joint debt may levy on the property itself and, thus, on the interests of both spouses. *Napotnik v. Equibank*

*and Parkvale Savings Association,* 679 F.2d 316 (3d Cir.1982). Because the interests of both are available to the creditor of both, the debtor's interest is not immune from process, and is not eligible for the § 522(b)(2)(B) exemption. *Napotnik,* 679 F.2d 316.

The debtors attempt to distinguish their cases on the basis that *Napotnik* involved a debtor and a non-debtor spouse, while their cases involve co-debtor spouses. They contend that, because the interests of both co-debtor spouses are protected by the automatic stay, they are immune from process, and eligible for the § 522(b)(2)(B) exemption.

The debtors have misconstrued the phrase "to the extent that such interest ... is exempt from process under applicable nonbankruptcy law." If co-debtor property may be reached to satisfy a state court judgment, it may not be exempted under § 522(b)(2)(B). *Ragsdale v. Genesco, Inc.,* 674 F.2d 277 (4th Cir.1982).

Because we conclude that the entireties' properties in the cases at bench may not be exempted under § 522(b)(2)(B), we will order the debtors to amend their plans.