565 A.2d 448

**Arlene H. KLEBACH**

v.

**MELLON BANK, N.A., Appellant.**

Superior Court of Pennsylvania.

Argued April 26, 1989.

Filed Sept. 12, 1989.

Reargument Denied Nov. 6, 1989.

204

Jesse L. Katz, Pittsburgh, for appellant.

William J. Helzlsouer, Dravosburg, for appellee.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order entered July 14, 1988 in the Court of Common Pleas of Allegheny County, Civil Division which removed a lien filed by Mellon Bank against real property owned by appellee. We affirm.

The record discloses that Mellon Bank, N.A. (hereinafter "Mellon"), filed a judgment by confession against Edward R. Klebach, the former husband of Arlene H. Klebach, in December of 1982. This judgment was entered on December 14, 1982 in Allegheny County and was indexed solely against Edward R. Klebach. On the date of entry, Edward and Arlene Klebach were husband and wife and held title by the entireties to the marital residence located at 633 Regency Drive in Plum Borough, Pennsylvania. The Klebachs were, however, in the midst of a divorce proceeding. Prior to the divorce decree, husband and wife, on December 28, 1982, entered into an agreement in which husband promised to convey his interest in the family residence to the wife, said conveyance to be made simultaneously with the signing of the agreement. On December 30, 1982, the divorce decree was entered in Allegheny County directing Mr. Klebach to convey all of his interest in the marital residence to Mrs. Klebach and incorporating the terms of the agreement. In accordance with the judicial decree, Edward and Arlene Klebach duly executed a deed on January 4, 1983 which was recorded on January 13, 1983.

The case *sub judice* arose in October of 1987, when appellee, Arlene Klebach, filed an action to quiet title on the Regency Drive property by removing the judgment lien filed by Mellon against her former husband. On December 4, 1987, Mellon revived the judgment against Edward R. Klebach and added Arlene H. Klebach as terre-tenant[1] of the Regency Drive property. After argument before the Honorable Eugene B. Strassburger III, judgment was granted on the pleadings. The lower court entered an order on July 14, 1988 which declared that Mellon had no lien on the property in question. The instant timely appeal followed.

Appellant Mellon raises three issues for our consideration: (1) whether the lower court erred in granting judgment on the pleadings when a factual issue remained undetermined, namely, whether appellee and her former husband transferred property pursuant to their divorce agreement thereby effectively rendering Edward Klebach insolvent; (2) whether the lower court erred in failing to consider that pursuant to statutory law, property held by a husband and wife as tenants by the entireties is immediately converted to ownership as tenants in common upon the entry of a divorce decree; and (3) whether the transfer of property from ownership by appellee and her former husband to ownership by appellee alone violated the constitutional rights of Edward Klebach's creditors. Thus, the gravamen of appellant's complaint is that the lower court permitted appellee and her former husband to perpetrate a fraud upon the creditors of Edward Klebach in derogation of the statutory law of this Commonwealth.

■ Our scope of review is plenary when reviewing a trial court's decision to grant judgment on the pleadings. *Keystone Automated Equipment v. Reliance Insurance Co.*, 369 Pa.Super. 472, 475, 535 A.2d 648, 649 (1988),

1. A terre-tenant is one who acquires an interest in real estate after a judgment or mortgage lien has attached. *Commonwealth Department of Public Welfare v. Andrews*, 338 Pa.Super. 211, 213 n. 1, 487 A.2d 929, 931 n. 1 (1985); *Adelson v. Kocher*, 154 Pa.Super. 548, 36 A.2d 737 (1944).

*allocatur den.* 519 Pa. 654, 546 A.2d 59 (1988). Our appellate role is to determine if the action of the trial court was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. *Id.; Vogel v. Berkley,* 354 Pa.Super. 291, 296, 511 A.2d 878, 880 (1986). An appellate court must confine its consideration to the pleadings and relevant documents, accept as true all well pleaded statements of fact by the party against whom judgment was granted, and consider only those facts that the party against whom judgment was granted specifically admits. *Keystone Automated Equipment, supra* 369 Pa.Super. at 475, 535 A.2d at 649. However, we may not consider conclusions of law or unjustified inferences asserted by either party. *Jones v. Travelers Insurance Company,* 356 Pa.Super. 213, 216, 514 A.2d 576, 578 (1986), *allocatur den.* Jan. 15, 1987. Judgment on the pleadings may only be granted where no material facts are in dispute and the case is so free from doubt that a trial would clearly be a fruitless exercise. *Keystone Automated Equipment, supra* 369 Pa.Super. at 475, 535 A.2d at 649. We note that in an action to quiet title, an appellate court ordinarily will not reverse the determination of the lower court absent error of law or a capricious disregard of the evidence. *Castronuovo v. Sordoni,* 357 Pa.Super. 187, 191, 515 A.2d 927, 929 (1986).

The first and third issues raised by appellant turn on the same facts and we will consider them together. Appellant first contends that the lower court erred in granting judgment on the pleadings because a factual issue remained unresolved. Specifically, appellant argues that it is not possible on the basis of the pleadings to resolve the question of whether appellee and her former husband concluded a divorce agreement with the intent to defraud Edward Klebach's creditors. The gravamen of appellant's complaint as set forth in the third issue is that permitting the Klebachs to transfer property rights away from Edward Klebach pursuant to the divorce agreement, but without the consent of his creditors, rendered Mr. Klebach insolvent in

violation of the constitutional rights of the creditors. For the following reasons, we disagree with both contentions.

The law of Pennsylvania is quite clear that a judgment creditor may execute on entireties property to enforce his judgment if *both* spouses are joint debtors. *Arch Street Bldg. & Loan Assn. v. Sook,* 104 Pa.Super. 269, 158 A. 595 (1932); *In re Riley,* 48 B.R. 194 (Bankr.E.D. Pa.1985); *Matter of Cipa,* 11 B.R. 968 (Bankr.W.D.Pa.1981). However, if only *one* spouse is a debtor, entireties property is immune from process, petition, levy, execution or sale. *Amadon v. Amadon,* 359 Pa. 434, 59 A.2d 135 (1948); *In re Williamson,* 11 B.R. 791, 795 (Bankr.W.D.Pa.1981). *See Sterrett v. Sterrett,* 401 Pa. 583, 585, 166 A.2d 1, 2 (1960); *McGary v. Lewis,* 384 Pa. 173, 119 A.2d 497 (1956). In the latter situation, the judgment creditor has only a *potential* lien against property held by the entireties based on the debtor spouse's expectancy to become sole owner. *Wylie v. Zimmer,* 98 F.Supp. 298 (E.D.Pa.1951). *See also Iscovitz v. Filderman,* 334 Pa. 585, 6 A.2d 270 (1939) (property lawfully held by husband and wife as tenants by entireties cannot be reached by creditors of husband). Further, where a husband and wife own property as tenants by the entireties, they may alien it without infringing upon the rights of one spouse's creditors. *Stauffer v. Stauffer,* 465 Pa. 558, 351 A.2d 236 (1976) (Per Eagen, J., with two justices concurring and three justices concurring in the result); *Murphey v. C.I.T. Corp.,* 347 Pa. 591, 33 A.2d 16 (1943).

In the instant case, Edward and Arlene Klebach entered into an agreement on December 28, 1982, whereby Arlene Klebach was to receive sole ownership of the marital residence in lieu of any other claim she might have in her husband's other interests. The Klebachs were still husband and wife on the date they signed the settlement agreement. Under the law of this Commonwealth, the Klebachs were free to dispose of entireties property pursuant to such an agreement concluded during the term of their marriage without implicating the rights of third party creditors of only one spouse. *See C.I.T. Corporation v. Flint,* 333 Pa.

350, 5 A.2d 126 (1939) (where husband and wife hold title as tenants by entireties, owner of judgment against husband holds it subject to its possible extinction as lien by change of title caused by act of parties and creditor has no standing to complain of conveyance which prevents property from falling into his grasp). *See also Stop 35, Inc. v. Haines,* 374 Pa.Super. 604, 543 A.2d 1133 (1988) (judgment creditor of husband could not claim conveyance of entireties property was fraudulent attempt to avoid lien because creditor had no interest in entireties property and could not acquire any interest in such property while both husband and wife were alive and married to one another).

At the time the agreement was concluded between Mr. and Mrs. Klebach, Edward Klebach held no separate interest in the marital residence to which Mellon's lien could attach. Entireties property is simply unavailable to satisfy claims of a creditor of only one of the joint tenants. *Patwardhan v. Brabant,* 294 Pa.Super. 129, 439 A.2d 784 (1982). It must be kept in mind that the agreement between husband and wife in this case was incorporated into the divorce decree thus carrying along with it the full implication and objective of the Divorce Code. That is, "to effectuate economic justice between the parties who are divorced or separated ... and insure a fair and just termination in settlement of their property rights." 23 Pa.C.S.A. § 102(a)(6). In this case, the wife gave up all her interest in her husband's office building, his insurance brokerage business, all rights to her husband's deferred compensation and extended earnings and she released all rights to equitable distribution of other property. She also assumed the mortgage on the house and released her husband from any responsibility as to mortgage payments when the agreement pertaining to the property transfer was entered into. This exchange of considerations made for a binding contract between husband and wife entered into prior to the divorce decree and was ultimately strengthened by its incorporation into the divorce decree. Under these circumstances, 68 P.S. Section 501 does not intrude upon the wife's interest in this

case. We therefore uphold the action of the lower court with regard to appellant's first and third claims because no factual question remained unresolved regarding the alleged attempt of the Klebachs to fraudulently convey property in derogation of the constitutional rights of Mr. Klebach's creditors.

■ The remaining argument raised by appellant is that the lower court erred by failing to consider the effect of Chapter 13 of Title 68 which contains the following provision:

§ 501. Divorced tenants by entireties hold as tenants in common; suit for sale and division of proceeds

Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit against the other to have the property sold and the proceeds divided between them.

68 P.S. § 501. Appellant contends that § 501 operated to sever the tenancy by the entireties on the Regency Drive property as of December 30, 1982 so that the judgment lien against Edward Klebach attached before the Klebachs jointly conveyed the property to Arlene Klebach on January 4, 1983. Mellon's argument is therefore that the lower court's order striking the lien was incorrect as a matter of law.

A recent decision of this court clearly states that in a bifurcated divorce action, § 501, *supra*, operates to sever a tenancy by the entireties upon entry of the divorce decree, although such property does not lose its marital character. *Jawork v. Jawork*, 378 Pa.Super. 89, 94–95, 548 A.2d 290, 292 (1988). Accordingly, we must agree with appellant that the lower court was incorrect in its conclusion that § 501, *supra*, did not survive enactment of the Divorce Code of 1980. *See id.* (holding that 68 P.S. § 501 must be read *in pari materia* with the Divorce Code).[2] We are nevertheless unable to offer appellant relief for two reasons. First,

**2.** We note that the lower court did not have the benefit of *Jawork* when ruling on the instant case.

the instant case does not involve a bifurcated divorce and thus our decision in *Jawork* is not dispositive of all aspects of the issue now before us. Second, although we cannot endorse the rationale of the lower court, we believe that the correct result was reached. As an appellate court, we are free to affirm an order of the lower court if it is correct for any reason, regardless of the grounds relied upon by the court below. *Gwinn v. Kane,* 465 Pa. 269, 348 A.2d 900 (1975).

The longstanding rule in this Commonwealth is that property subject to an order of court is *in custodia legis,* or under the wardship of the court, pending compliance with the order. *Lappas v. Brown,* 335 Pa.Super. 108, 113 n. 4, 483 A.2d 979, 982 n. 4 (1984). The entireties property in question was under the jurisdiction of the lower court pursuant to a divorce proceeding. This property was in fact the subject of a judicial order entered by the divorce court on December 30, 1982. As such, it was properly held *in custodia legis* until the parties to the action complied with the order of the lower court. In Pennsylvania, property so held is not subject to attachment by judicial liens. *Lappas v. Brown, supra. See also Weicht v. Automobile Banking Corp.,* 354 Pa. 433, 47 A.2d 705 (1946) and *Buchholz v. Cam,* 288 Pa.Super. 33, 430 A.2d 1199 (1981) (property *in custodia legis* is not subject to attachment until purpose for which Commonwealth holds it has been effectuated). *See generally Ross v. Clarke,* 1 Dall. 354, 1 L.Ed. 173 (1788) (inception of rule in Pennsylvania that property in the custody of the law is not subject to attachment); *cf. Bulkley v. Eckert,* 3 Pa. 368 (1846) (early formulation of Pennsylvania rule that property held by a public official in his authorized capacity is not subject to attachment by creditors). Although the cited cases apply to personal property, there is no law that we can find nor is there anything so particularly unique about the principle of "custodia legis" which forbids its application, *under the facts of this case,* to real property.

The property in question was never subject to attachment by appellant's lien. From December 30, 1982 until January 4, 1983, the property was in the custody of the divorce court pending execution of a deed in compliance with court order. Mellon's lien therefore never attached, and the lower court in the instant case correctly granted appellee's request to quiet title by striking the lien.

Order affirmed.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting.

I must dissent. The distinguished trial judge in this case, the Honorable Eugene B. Strassburger, decided this action to quiet title and to strike a lien on his belief that all of the lienholder's arguments turned on the question of whether the automatic conversion of a tenancy by the entireties into a tenancy in common survives enactment of the Divorce Code of 1980. The trial court examined the Act of May 10, 1927, P.L. 884, § 1, as affected by the Act of April 28, 1978, P.L. 202, No. 53 (Judiciary Act Repealer Act, "J.A.R.A."), 68 P.S. § 501, and considered several trial court opinions within Allegheny County holding that the Divorce Code supersedes 68 P.S. § 501.

Judge Strassburger reviewed this court's decision in *Stop 35, Inc. v. Haines*, 374 Pa.Super. 604, 543 A.2d 1133 (1988) holding that a separation agreement providing for the division of proceeds in the event of the future sale of entireties property does not operate to sever the tenancy by the entireties. However, at the time this case was decided in the trial court, Judge Strassburger could not have had the benefit of our decision in *Jawork v. Jawork* 378 Pa.Super. 89, 548 A.2d 290 (1988). In *Jawork*, we were asked to find that, where economic claims are bifurcated from the entry of the divorce decree, the effect of 68 P.S. § 501 is somehow stayed pending resolution of those claims. We recognized, as did both parties to the appeal in *Jawork*, that a tenancy by the entireties becomes a tenancy in common, by

operation of law, upon the divorce of the parties, citing 68 P.S. § 501, and went on to conclude that the status of the title after the entry of the divorce decree is unassailable. 378 Pa.Super. at 94–95, 548 A.2d at 292.

All three judges on this panel agree with Mellon Bank, appellant, that the trial court incorrectly construed the relationship between 68 P.S. § 501 and the Divorce Code. Unlike the Majority, however, I cannot find that bifurcation is determinative of the reach of *Jawork.* I read § 501 as covering *all* situations where a decree in divorce is entered. The act provides, as affected by J.A.R.A.:

§ 501. Divorced tenants by entireties hold as tenants in common; suit for sale and division of proceeds

Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit against the other to have the property sold and the property divided between them.

As affected 1978, April 28, P.L. 202, No. 53, § 2(a)[1092], effective June 27, 1980.

68 P.S. § 501.

Mellon Bank's judgment against Edward R. Klebach was entered on December 14, 1982. On December 30, 1982, the divorce decree was entered. I find that Mellon's judgment lien attached to Edward Klebach's undivided, one-half interest in the property as of December 30, 1982 and remained a lien against that interest when the property was thereafter transferred to Arlene Klebach. I should therefore vacate the order granting judgment on the pleadings and striking Mellon's lien, and remand this case to the trial court for further proceedings.

I must emphatically dissent from that portion of the Majority Opinion which appears to create a rule of *in custodia legis* in regards to the real estate here at issue. The Majority concedes that all of the cases cited for this principle involve only personal property. The Majority, however, goes on to apply the principle to real property

"under the facts of this case." I find it startling that the Majority has concluded, without citation to any authority, that the real estate here in question "was in the custody of the divorce court pending execution of a deed in compliance with court order".

Where, as here, the trial court has sought to deal with three distinct issues and has resolved all of them upon a theory of law which, applying hindsight after *Jawork*, is clearly erroneous, I should remand the case to permit the parties to present their arguments to the trial court in the light of *Jawork v. Jawork*. This is particularly appropriate, I believe, where the trial judge is of proven high competence, as is the case here. To seek to affirm the trial court action on the novel theory of real estate being in the custody of the law does violence to the body of law, as I understand it, and does not advance the ultimate disposition of this dispute.

I must dissent.