J-S04013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRIAN STETLER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AYMAN ELTOOKHY, AND A'ISHA COOK | : | |
| | : | No. 1981 EDA 2025 |
| | : | |
| APPEAL OF: AYMAN ELTOOKHY | : | |

Appeal from the Order Entered June 23, 2025
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2024-08092

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY LAZARUS, P.J.:  **FILED MARCH 2, 2026**

Ayman Eltookhy appeals from the order, entered in the Court of Common Pleas of Bucks County, denying his petition to strike/open a confessed judgment entered in favor of Appellee, Brian Stetler, and granting Stetler leave to amend his complaint within 30 days to include Eltookhy's wife, A'Isha Cook (Wife), as a co-defendant. After careful review, we reverse.

On October 6, 2017, Eltookhy executed a note (Note) and purchase money mortgage (Mortgage) with Stetler for real property located at 20 Schoolhouse Lane, Levittown (Property). The Note provided that Eltookhy would pay Stetler the principal loan amount of $176,000.00, plus interest, at a rate of 7% per year. That amount would be paid monthly from November 6, 2017 through October 6, 2018, with the final payment being a balloon payment of $175,383.15.

The Mortgage contained the following confession of judgment clause:

IN THE EVENT OF A DEFAULT, BORROWER HEREBY IRREVOCABLY AUTHORIZES ANY PROTHONOTARY, CLERK OF COURT[,] OR ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR BORROWER IN SUCH COURT IN TERM, TIME[,] OR VACATION, AND CONFESS JUDGMENT AGAINST BORROWER, WITHOUT PROCESS, IN FAVOR OF PAYEE OR ANY HOLDER OF THIS SECURITY INSTRUMENT, UPON THE FILING OF AN AVERMENT OR DECLARATION OF DEFAULT, FOR THE UNPAID PRINCIPAL SUM, OTHER CHARGES OR SUMS DUE BY BORROWER TO LENDER UNDER THE NOTE OF EVEN DATE HEREWITH, FOR COST OF SUIT, TOGETHER WITH AN ATORNEY'S COMMISSION OF TEN (10%) PERCENT OF THE TOTAL DUE OR $5,000.00, WHICHEVER IS GREATER, AND CONSENTS TO IMMEDIATE EXECUTION UPON SUCH JUDGMENT AND HEREBY WAIVES AND RELEASES THE BENEFIT OF ALL APPRAISEMENT AND INQUISITION OF REAL ESTATE, HEREBY VOLUNTARILY CONDEMNING SAID REAL ESTATE AND AUTHORIZING THE ENTRY OF SUCH CONDEMNATION UPON ANY WRIT ISSUED, STAY OF EXECUTION[,] AND ALL RIGHTS UNDER THE EXEMPTION LAWS OF ANY STATE NOW IN FORCE OR HEREAFTER TO BE PASSED. BORROWER HEREBY AGREES THAT THE AUTHORITY TO CONFESS JUDGMENT SHALL NOT BE EXHAUSTED BY ONE EXERCISE THEREOF, BUT JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS OFTEN AS ANY PORTION OF THE PRINCIPAL SUM DUE HEREUNDER SHALL REMAIN UNPAID.

BORROWER ACKNOWLEDGES AND AGREES THAT THIS SECURITY INSTRUMENT CONTAINS WARRANTS OF AUTHORITY FOR AN ATTORNEY TO ENTER JUDGMENT(S) BY CONFESSION AGAINST BORROWER WITHOUT PRIOR NOTICE OR A HEARING BEFORE A COURT OF COMPETENT JURISDICTION.  IN GRANTING THE WARRANTS OF ATTORNEY TO CONFESS JUDGMENT AGAINST THEM, BORROWER HEREBY KNOWINGLY, INTENTIONALLY[,] AND VOLUNTARILY, AFTER HAVING HAD THE OPPORTUNITY TO SEEK THE ADVICE OF LEGAL COUNSEL, UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS BORROWER HAS OR MAY HAVE WITH RESPECT TO PRIOR NOTICE AND AN OPPORTUNITY FOR HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES OF AMERICA AND THE COMMONWEALTH OF PENNSYLVANIA.

Purchase Money Mortgage, 10/10/17, at ¶ 22.  The Mortgage also contained a warrant of attorney provision stating:

> Upon the occurrence of an [e]vent of [d]efault under th[e Mortgage, [Eltookhy] authorizes and empowers any attorney or attorneys of any court of the Commonwealth of Pennsylvania to appear for [him] and, as attorney for [him], to file any actions in ejectment and/or for possession of Property and to confess judgment in ejectment and/or possession therein against [Eltookhy] [and] in favor of [Stetler].

*Id.* at ¶ 23 (emphasis added).

The current dispute arose when Stetler alleged that Eltookhy breached the terms of the Mortgage by failing to pay the amount due under same.  On November 21, 2024, Stetler sent Eltookhy a notice of default advising Eltookhy that because he had failed to pay the amount due under the Mortgage, the sum of $327,725.64, plus charges and fees, was due within 10 days.  *See* Complaint for Confession of Judgment, 12/27/24, at ¶ 8.  Eltookhy failed to pay the amounts set forth in the notice of default.

On December 27, 2024, Stetler filed a complaint confessing judgment against Eltookhy, as authorized by the Mortgage's warrant of attorney provision, seeking possession of the Property and also stating that he is entitled to the total amount due under the Mortgage—$360,451.28, plus legal interest and costs.  *See* Pa.R.C.P. 2951.  *See also* Complaint for Confession of Judgment, 12/27/24, at ¶¶ 11, 19, 29.  In the complaint, Stetler averred that Eltookhy had breached the Mortgage by misrepresenting:  (1) that he was the sole record owner of the Property and (2) his marital status at the time he signed the Mortgage.  *See id.* at ¶¶ 5-6.  Relatedly, Stetler alleged

- 3 -

that he did not discover Eltookhy's fraud and misrepresentations until "he conducted a deed search of the [P]roperty" in November 2024. *Id.* at ¶ 7.

On January 23, 2025, Eltookhy filed a petition to strike/open the confessed judgment, pursuant to Pa.R.C.P. 2959, averring in an accompanying supporting memorandum that his petition was timely and that he had the following meritorious defenses: Stetler failed to attach relevant documents (Note) to his complaint; the complaint was filed beyond the relevant statute of limitations; and Stetler failed to join a necessary party, Wife, to the action. *See* Memorandum of Law in Support of Petition to Strike/Open Confession of Judgment, 1/23/25, at 4-9. Eltookhy attached a copy of the deed to the Property to his petition; the deed lists him and Wife as co-owners of the Property as tenants by the entireties. *See id.* at ¶ 3; *see also* Exhibit C.

On February 3, 2025, the trial court issued a rule to show cause in response to Eltookhy's petition to strike/open the confessed judgment. *See* Pa.R.C.P. 2959(b). On February 22, 2025, Stetler filed an answer to Eltookhy's petition admitting that "[t]he Note and Mortgage were not executed by [W]ife." Answer and Opposition to Petition to Strike/Open Confessed Judgment, 2/22/25, at 1. Stetler attached a copy of the deed to the Property to his memorandum of law in support of his answer to Eltookhy's petition. The deed, which was executed on October 2, 2017, was not recorded until October 10, 2017—four days after Eltookhy and Stetler executed the Mortgage. *See* Deed, 10/2/17, at 1 ("Witnesseth that in consideration of the sum of TWO

HUNDRED TWENTY THOUSAND AND 00/100 Dollars ($220,000.00) . . . Grantor does hereby grant and convey unto the said Grantees, **as tenants by the entirety**, their heirs and assigns, PROPERTY ADDRESS: 20 SCHOOLHOUSE LANE, LEVITTOWN[,] PA 19055[.]") (emphasis added).

On June 23, 2025, the court denied Eltookhy's petition to strike/open and granted Stetler leave to file an amended complaint, within 30 days, to include Wife as a co-defendant. Stetler filed an amended complaint on July 22, 2025, listing Wife as a co-defendant, and including an attachment titled "Notice under Rule 2973.2 of Judgment and Execution," which advised Wife of her rights and stated that "[a] judgment for possession of real property has been entered against you and in favor of [Stetler] without prior notice and hearing **based on a confession of judgment contained in a mortgage or other document allegedly executed by you**." Rule 2973.2 Notice sent to A'isha Cook, 7/22/25 (emphasis added). *See also* Rule 2958.2 Notice of Judgment and Execution Thereon sent to A'isha Cook, 7/22/25 (attachment to Stetler's amended complaint notifying Wife "judgment of $360,451.28, plus all additional interest, late fees, attorneys' fees, and all other sums due under contract **has been entered against** [**her**] . . . **based on a confession of judgment contained in a written agreement or other paper allegedly signed by you**") (emphasis added).

On July 23, 2025, Eltookhy filed a notice of appeal from the court's order denying his petition to open and granting Stetler leave to amend his complaint. Eltookhy also timely filed a court-ordered Pa.R.A.P.1925(b)

concise statement of errors complained of on appeal. Eltookhy raises the following issues for our review:

> (1) Did the trial court commit an error of law and/or abuse its discretion by denying [Eltookhy's] petition to strike/open judgment of confession . . . because [Stetler]'s . . . complaint for confession of judgment for possession and confession of judgment for money . . . and amended confession of judgment for possession and confession of judgment for money . . . were time barred by the relevant statute of limitations?
>
> (2) Did the trial court commit an error of law and/or abuse its discretion by denying the petition [to strike/open judgment of confession] because [Stetler] failed to attach a copy of the promissory note, which underlies his action, to the complaint and the amended complaint?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

"Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement." *Neducsin v. Caplan*, 121 A.3d 498, 505 (Pa. Super. 2015). "A warrant of attorney to confess judgment must be self-sustaining and[,] to be self-sustaining[,] the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied." *Id.* (citation omitted). Typically, "notice and service of a confessed judgment to the debtor is contemporaneous with the entry of the judgment against the debtor." *Id.* at 506; *see* Pa.R.C.P. 2956.

> Following a confession of judgment, the debtor can choose to litigate the judgment by filing a petition in compliance with Rule 2959. *See* Pa.R.C.P. 2959. The debtor must raise all grounds for relief (to strike off or open) in a single petition, which can be filed in the county where the judgment was originally entered or in any

county where the judgment has been transferred. ***Id.*** A party waives all defenses and objections [that] are not included in the petition or answer. ***See*** Pa.R.C.P. 2959(c).

***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 626 (Pa. Super. 2013).

In ***Neducsin***, our Court explained one of two ways to attack a confessed judgment—a petition to strike—as follows:

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. ***Resolution Trust Corp. v. Copley Qu—Wayne Associates***, [] 683 A.2d 269, 273 ([Pa.] 1996).
>
> > In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents [that] contain confession of judgment clauses. Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. . . . An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.
>
> ***Hazer v. Zabala***, 26 A.3d 1166, 1169 (Pa. Super. 2011)[.] In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. ***ESB Bank v. McDade***, 2 A.3d 1236, 1239 (Pa. Super. 2010). [T]he record must be sufficient to sustain the judgment. ***Id.*** The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits.

***Neducsin****, **supra*** at 504 (quotation marks and quotes omitted; some citations omitted). If a petition to strike or open "states prima facie grounds for relief[,] the court shall issue a rule to show cause[.]" Pa.R.C.P. 2959(b).

- 7 -

The court "shall dispose of the rule [to show cause] on petition and answer, and on any testimony, depositions, admissions[,] and other evidence." Pa.R.C.P. 2959(e).

Instantly, Stetler's complaint for confession of judgment avers that Eltookhy misrepresented that he was the sole owner of the Property and his marital status at the time he signed the Mortgage, and that Stetler ultimately discovered that Eltookhy had purchased the Property with Wife prior to executing the Mortgage with Eltookhy. *See* Complaint for Confession of Judgment, 12/27/4, at ¶¶ 5-7. Furthermore, Stetler's Answer to Eltookhy's petition to open states that it is "patently obvious that [Eltookhy] was not the record owner of the property; but rather, the record owner of the property was Ayman Eltookhy and A'isha Cook as tenants by the entireties." Answer and Opposition to Petition to Strike/Open Confessed Judgment, 2/22/25, at 2. Based upon these averments, Stetler praeciped to confess judgment, asserting that "[p]ursuant to the [w]arrant of [a]ttorney for [c]onfession of [j]udgment" for ejectment and money, judgment should be entered in his favor. Praecipe for Entry of Appearance, Warrant of Attorney, and Confession of Judgment, 12/27/24, at 1 (unpaginated). Upon our review, long-standing principles of property law and the language of the Mortgage lead us to conclude that Stetler is incorrect as a matter of law.[1]

_____

[1] Notably, while the confession of judgment clause authorizes Stetler to confess judgment, pursuant to the warrant of attorney, as many times as is necessary, he is only permitted to do so to recover "any portion of the principal
*(Footnote Continued Next Page)*

It is well-established in Pennsylvania that in order to execute upon property held as a tenancy by the entireties, a creditor must obtain a judgment against **both** the husband and the wife as joint debtors. *ISN Bank v. Rajaratnam*, 83 A.3d 170, 173-74 (Pa. Super 2013). "Tenancy by [the] entireties is a venerable institution of the common law; it rests upon instincts which form the very warp and woof of our domestic and social fabric. . . . There is but one legal estate, which, by a long course of judicial decisions, has been buttressed against inroads attempted either by the parties themselves or by their individual creditors." *C.I.T. Corp. v. Flint*, 5 A.2d 126, 128 (Pa. 1939) (footnote omitted).

In *Klebach v. Mellon Bank, N.A.*, 565 A.2d 448 (Pa. Super. 1989), our Court stated:

> The law of Pennsylvania is quite clear that a judgment creditor may execute on entireties property to enforce his judgment if both spouses are joint debtors. However, **if only one spouse is a debtor, entireties property is immune from process, petition, levy, execution**[**,**] **or sale.** In the latter situation, the judgment creditor has only a potential lien against property held by the entireties based on the debtor spouse's expectancy to become sole owner. Further, where a husband and wife own property as tenants by the entireties, they may alien it without infringing upon the rights of one spouse's creditors.

*Id.* at 450 (internal citations omitted; emphasis added). Thus, it is clear from the law that, at most, Stetler has a potential lien against the Property based

_____

sum due [under the Mortgage] that shall remain unpaid." *Id.* Thus, except for this limited purpose, the Mortgage does not permit Stetler to exercise a warrant of attorney, more than once, to confess judgment upon the same debt. *See Continental Bank v. Tuteur*, 450 A.2d 32, 35 (Pa. Super. 1982).

on Eltookhy's expectancy to become sole owner. ***See Stop 35, Inc. v. Haines***, 543 A.2d 1133 (Pa. 1988) (judgment creditor of husband could not claim conveyance of entireties property was fraudulent attempt to avoid lien because creditor had no interest in entireties property and could not acquire any interest in such property while both husband and wife were alive and married to one another).

Accordingly, under the facts of the instant case, which were included in Stetler's complaint, ***Neducsin***, ***supra***, and the language of the deed that was attached to Eltookhy's petition to strike/open and Stetler's answer to the petition, ***see*** Pa.R.C.P. 2959(e), the court erred in denying Eltookhy's petition. As a matter of law, Stetler could not confess judgment on the Property where Eltookhy co-owned it with Wife, as entireties property, and where Wife was not a signatory to the Mortgage that contained the confession of judgment and warrant of attorney clauses. ***See Crum v. F.L. Shaffer, Co.***, 693 A.2d 984, 988 (Pa. Super. 1997) ("[A] warrant of attorney to confess judgment must be self-sustaining[,] the warrant must be in writing and signed by the person to be bound by it[,] and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant.") (citation omitted).

Simply put, Wife never agreed to be bound by the entry of a confessed judgment pursuant to the warrant of attorney. Thus, the parties' Mortgage contains defects that substantially relate to the lack of authority to confess judgment against Eltookhy without Wife as a signatory to the instrument

- 10 -

authorizing its entry. ***Crum***, ***supra***. Accordingly, the judgment was invalid and should have been stricken. ***See 9795 Perry Highway Mgmt., LLC v. Bernard***, 273 A.3d 1098, 1102 (Pa. Super 2022) (petition to strike a confessed judgment must focus on any defects or irregularities appearing on face of record which affect validity of judgment and entitle petitioner to relief as matter of law) (citation omitted).

Order reversed.[2] Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/2/2026

_____

[2] Although Eltookhy raised the issue regarding Wife being an indispensable party in his Memorandum of Law in Support of Petition to Strike/Open the Confessed Judgment, he did not specifically raise and argue this issue in his appellate brief or Rule 1925(b) statement. Nonetheless, we can raise it at any time since the judgment was a legal nullity because Wife never had any relationship with Stetler, the judgment holder, and judgment could not be confessed on the Property without her signing the Mortgage. ***See M&P Mgmt., L.P. v. Williams***, 937 A.3d 398 (Pa. 2007). ***See also Dime Bank v. Andrews***, 115 A.3d 358, 364 (Pa. Super. 2015) ("The validity of a confession of judgment requires strict compliance with the Rules of Civil Procedure as well as rigid adherence to the provisions of the warrant of attorney. Absen[t] such compliance, a confession of judgment cannot stand.") (citation omitted).

- 11 -