**Stephen B. POTTER and Potter, Crosse and Leonard, P.A., Defendants Below, Appellants,**

v.

**Robert N. PEIRCE, Plaintiff Below, Appellee.**

No. 340, 1996.

Supreme Court of Delaware.

Submitted: Dec. 12, 1996.

Decided: Feb. 6, 1997.

Kenneth F. Carmine (argued), and H. Garrett Baker, Potter Crosse & Leonard, P.A., Wilmington, for Appellants.

Thomas C. Crumplar (argued), and Robert Jacobs, Jacobs & Crumplar, P.A., Wilmington, for Appellee.

Matthew F. Boyer and David C. Glebe, Office of Disciplinary Counsel, amicus curiae.

Before VEASEY, C.J., and HARTNETT and BERGER, JJ.

HARTNETT, Justice.

We consider a question of law certified to this Court by the United States District Court for the District of Delaware.[1] The dispositive issue presented is whether the public policy of this state permits a Delaware lawyer to violate Rule 1.5(e) of Delaware Lawyers' Rules of Professional Conduct (Lawyers' Rules of Conduct) and then to use those Rules as a shield to avoid a contractual duty to share an attorney fee with a Pennsylvania lawyer who did not violate the Pennsylvania lawyers' rules of professional conduct. We find that it does not.

## I.

The question certified is:

Is Delaware Lawyers' Rule of Professional Conduct 1.5(e) a statement of Delaware public policy, such that failure to adhere to its requirements renders an agreement to share fees between attorneys not in the same firm void as a matter of Delaware law?

We find this question to be overly broad, and therefore we respectfully restate the question as follows:[2]

Does the public policy of this State permit a Delaware lawyer who violates Rule 1.5(e) of the Delaware Lawyers' Rules of Professional Conduct to use the Rules as a shield to avoid a contractual duty to share an attorney fee with a Pennsylvania lawyer who did not violate the Pennsylvania rules of professional conduct?

We hold that a Delaware attorney may not use a violation of the Lawyers' Rule of Conduct 1.5(e) as a defense to the enforcement of an agreement with an out-of-state lawyer, not charged with compliance with a similar rule in his own jurisdiction. We thus answer the restated certified question in the NEGATIVE.

## II.

In late 1990, Joe Feeley contacted Robert N. Peirce, a Pennsylvania attorney, regarding an automobile accident in which his wife, Karen Feeley, a Delaware resident, had recently been injured.[3] As the accident had occurred in Delaware and Peirce was not a member of the Delaware bar, Peirce contacted Stephen B. Potter, a member of the Delaware bar, with whom he had a long-time acquaintance. On December 3, 1990, Karen Feeley entered into a legal representation contract with Potter's law firm. In July 1994, her claim was settled for $1 million.

1. The certification is pursuant to Article IV, Section 11(9) of the Delaware Constitution and Delaware Supreme Court Rule 41.

2. *See Riblet Products Corp. v. Nagy,* Del.Supr., 683 A.2d 37, 39 (1996); *State v. Bennefield,* Del. Supr., 567 A.2d 863, 864 (1989).

3. The facts are as set forth in the Certificate of Question of Law submitted by the United States District Court for the District of Delaware.

On December 21, 1994, Peirce filed an action in the U.S. District Court for the District of Delaware, claiming entitlement to a share of the settlement proceeds based on an alleged oral fee-sharing agreement with Potter.[4]

Potter moved for summary judgment in the District Court contending that the agreement, if it existed, would violate Delaware Lawyers' Rule of Conduct 1.5(e) and, therefore, be unenforceable. On December 13, 1995, the District Court denied the motion based upon its prediction that the Delaware courts would hold, as a matter of public policy, that a violation of Rule 1.5(e), cannot be used to render an agreement to share fees unenforceable as a matter of law.

On May 17, 1996, Potter again moved for summary judgment contending that in light of subsequent Delaware decisions the District Court's earlier decision was incorrect and that, in any event, the agreement is unenforceable under federal common law. Potter, in the alternative, moved that the question of whether the public policy of Delaware would permit Lawyers' Rule of Conduct 1.5(e) to be used as a defense to Peirce's claim be certified to this Court. On August 5, 1996, the District Court issued its Certificate of Question of Law to this Court. We accepted it on August 12, 1996.

Delaware Lawyers' Rule of Conduct 1.5(e) provides:

> A division of fee between lawyers who are not in the same firm may be made only if:
>
> (1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for representation;
>
> (2) the client is advised of and does not object to the participation of all the lawyers involved; and
>
> (3) the total fee is reasonable.

It is conceded that Rule 1.5(e) was not complied with because there was no agreement to divide fees in proportion to the services rendered and there was no written agreement whereby the client consented to joint representation by the two lawyers. It is also conceded that Pennsylvania does not have a rule similar to Delaware's Lawyers' Rule of Conduct 1.5(e).

Potter argues that because the purported fee sharing agreement, if it existed, would violate Delaware Lawyers' Rule of Conduct 1.5(e), it absolutely bars Peirce's claim against him.

### III.

■ Because this Court is addressing a certified question of law, as distinct from a review of a lower court decision, we must review the certified question in the context in which it arises.[5]

### IV.

The scope portion of the comment to the Delaware Lawyers' Rules of Conduct makes it clear that a Delaware lawyer's non-compliance with Rule 1.5(e) may not be used by him as a shield to avoid his contractual obligations with a Pennsylvania attorney. It provides, in part:

> Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment

---

4. The existence of the oral fee-sharing agreement is a contested issue in the District Court case. However, for purposes of this Certified Question, we assume that a binding agreement exists between Potter and Peirce.

5. *Rales v. Blasband,* Del.Supr., 634 A.2d 927, 931 (1993).

any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

These limitations have been confirmed by this Court. In *Appeal of Infotechnology, Inc.,*[6] we stated that "even though lawyers have substantive legal duties, which may be congruent with the requirements and objectives of the Rules, the latter provide no additional bases for the enforcement of such duties outside the framework of disciplinary proceedings."[7]

■ As a matter of public policy, this Court will not allow a Delaware lawyer to be rewarded for violating Delaware Lawyers' Rule of Conduct 1.5(e) by using it to avoid a contractual obligation. To hold otherwise would encourage non-compliance with the Rule and create incentives for malfeasance among Delaware lawyers at the expense of unwary out-of-state lawyers. "The Rules are to be enforced by a disciplinary agency, and are not to be subverted as procedural weapons".[8] Thus, a Delaware lawyer's violation of a disciplinary rule may not be interposed as a shield to avoid a contractual duty.

### V.

Our holding is consistent with *Freeman v. Mayer,*[9] where the United States Court of Appeals for the Seventh Circuit held that a lawyer could not invoke Indiana Lawyers' Rule of Conduct 1.5(e) as a shield to avoid a contractual relationship with an out-of-state lawyer. That court relied, in part, on the scope portion of the comment to the Indiana Lawyers' Rules of Conduct in permitting enforcement of a fee-sharing agreement that violated Indiana Rule 1.5(e).[10] In *Freeman,* an Illinois lawyer referred a personal injury case to an Indiana trial lawyer based on an alleged agreement to share the fee equally. After receiving a large fee, the Indiana law-

yer tendered only a third of the fee to the Illinois lawyer, and the Illinois lawyer sued in the United States District Court for the District of Indiana. That court granted summary judgment in favor of the Illinois claimant.[11]

On appeal, the Seventh Circuit affirmed and noted that in adopting the Indiana Lawyers' Rules of Professional Conduct:

> [t]he Indiana Supreme Court both indicated what rules of conduct it deemed appropriate for lawyers admitted to practice before it, and what force those rules were to have in ancillary matters. As something designed to provide guidance, but not to be a basis for civil liability, our best prediction is that the Indiana Supreme Court would not permit one of its attorneys to invoke Rule 1.5(e) as a shield against living up to a substantively unobjectionable contractual arrangement with an out-of-state lawyer.[12]

The Seventh Circuit then concluded that to hold otherwise would be to "strain to interpret the Indiana Rules of Professional Conduct in a way that would discourage lawyers from affiliating with local counsel and clients from seeking out the lawyer of their choice, no matter what state the lawyer may be licensed in."[13]

### VI.

■ In conclusion, we hold that a Delaware lawyer may not assert his non-compliance with Delaware Lawyers' Rule of Conduct 1.5(e) as a defense to an agreement with an out-of-state lawyer, not charged with compliance with that rule or a similar rule in his own jurisdiction. The certified question is therefore answered in the NEGATIVE.

6. Del.Supr., 582 A.2d 215 (1990).

7. *Id.* at 220.

8. *Id.*

9. 95 F.3d 569 (7th Cir.1996).

10. Indiana's Rule 1.5(e) is identical to Rule 1.5(e) of the Delaware Lawyers' Rules of Professional Conduct and the American Bar Association Model Rule of Professional Conduct (1983).

11. 95 F.3d at 572.

12. *Id.,* at 575–76.

13. *Id.,* at 576.