**DONALD J. WEISS & ASSOCIATES, P.C., Appellee**

v.

**Donald TULLOCH, III and Linda Tulloch, h/w, Appellants.**

Superior Court of Pennsylvania.

Submitted Aug. 11, 2008.

Filed Oct. 30, 2008.

Reargument Denied Dec. 23, 2008.

Joseph R. Viola, Philadelphia, for appellants.

Marc A. Zaid, Bala Cynwyd, Jeffery P. Lewis, West Chester and Michael L. Murphy, Media, for appellee.

BEFORE: PANELLA, DONOHUE and COLVILLE,* JJ.

OPINION BY COLVILLE, J.:

¶ 1 Donald and Linda Tulloch ("the Tullochs") appeal the judgment entered in favor of Donald Weiss & Associates, P.C. ("Weiss") in mortgage foreclosure. The issues are: (1) whether the trial court erred by not finding the mortgage held by Weiss to be illegal and thus unenforceable against the Tullochs and (2) whether the trial court erred by failing to find that the debt underlying the mortgage in question had been paid. We vacate and remand.

### Facts

¶ 2 The Tullochs owned numerous plots of land, some or all of them encumbered by mortgages. Eventually, the Tullochs became defendants in mortgage foreclosure or other actions relating to their properties. At some point, Weiss served as the Tullochs' attorney with respect to part or all of the aforesaid litigation.

¶ 3 The Tullochs grew increasingly indebted to Weiss for legal services and, over the course of several years, executed a number of judgment or other notes evi-

* Retired Senior Judge assigned to the Superior Court.

dencing their indebtedness to him. It does not appear that the amounts of the notes necessarily reflected the exact balance for legal services owed at any particular time. In any event, however, the Tullochs did sign various notes. They also executed several mortgages in Weiss's favor to secure the notes.

¶ 4 Among the notes signed by the Tullochs was one executed on November 27, 1996, in the amount of twenty thousand dollars. On that same date, to secure the aforesaid debt, the Tullochs gave Weiss a mortgage covering several lots, including one known as Lot 10.

¶ 5 In the course of their dealings, Weiss and the Tullochs reached an agreement, the upshot of which was that an entity formed by Weiss purchased the obligations the Tullochs owed to one of their creditors and took assignment of the mortgages held by that creditor on two lots ("Lots 11 and 12"). Lots 11 and 12 were later sold and a portion of the sale proceeds was disbursed to Weiss to be credited toward the Tullochs' outstanding bills for legal services. The Tullochs contended the proceeds of those sales paid off all of their outstanding debts to Weiss as of a particular date, namely June 9, 1999.[1] Among those debts was the aforesaid twenty-thousand-dollar debt evidenced by the note of November 27, 1996.

¶ 6 Weiss's trial testimony indicated that, although the Tullochs' debt to Weiss as of June 9, 1999, was forgiven or paid, the Tullochs continued to incur attorney's fees thereafter. Further, it was Weiss's position that the mortgage involving Lot 10 was an open-ended one, securing not just the initial twenty-thousand dollars but also future advances, to wit, future attorney's fees incurred by the Tullochs. Because of a purported default in paying those later-incurred fees, Weiss eventually instituted an action seeking to foreclose on Lot 10.

¶ 7 At trial, Weiss prevailed. Thereafter, the Tullochs filed post-trial motions raising various claims. The court denied those motions; the Tullochs filed this appeal.

### Standard of Review

¶ 8 Initially, we note the resolution of the claims before us will involve questions of law. Our standard of review for such questions is plenary. *Maloney v. Valley Medical Facilities, Inc.*, 946 A.2d 702, 706 (Pa.Super.2008). Accordingly, we need not defer to the conclusions of the lower court. *Id.*

### Legality of Mortgage

¶ 9 The Tullochs' initial claim is that the trial court should have declared the subject mortgage illegal, and therefore unenforceable, because Weiss somehow obtained it in violation of the Rules of Professional Conduct, particularly Rule 1.8 governing conflicts of interest between attorneys and clients.

¶ 10 The Rules of Professional Conduct address the grounds for disciplinary actions against attorneys. *In re Estate of Wood*, 818 A.2d 568, 573 (Pa.Super.2003). Those rules are not substantive law. *Id.* Thus, even assuming, *arguendo*, that the Tullochs can show Weiss engaged in unethical behavior, the most they would establish is a basis for a disciplinary proceeding against him, not a substantive basis to invalidate the mortgage. *See Commonwealth v. Chmiel*, 558 Pa. 478, 738 A.2d 406, 415 (1999); *In re Estate of Pedrick*, 505 Pa. 530, 482 A.2d 215, 217 (1984)

---

1. This was the date on or about which Weiss proposed and/or the parties reached the agreement concerning the sale of Lots 11 and 12.

(holding attorney's failure to comply with Code of Professional Conduct in execution of will does not alone invalidate that will). Accordingly, Appellants have not shown the mortgage to be illegal, and their claim fails.

### *Payment of Underlying Debt*

¶ 11 We note the following portion of the trial court's opinion:

> ... Tullochs argued that the ... sale of [L]ots 12 and [11] wiped out the obligation inherent in the mortgage involved in this action. However, credible evidence indicated that the obligation for attorney's fees continued to increase.

Trial Court Opinion, 10/24/07, at 5.

¶ 12 As this portion of the opinion reveals, the court implicitly accepted the notion that the mortgage was an open-ended one securing the Tullochs' increasing attorney's fees.

¶ 13 The Pennsylvania Supreme Court has discussed mortgages as follows:

> A mortgage is a formal document of a specific character, and should be strictly construed. If a mortgage indicates on its face ... that it covers only a specific advance of funds, then it can secure only the unpaid portions of the original loan, no more. As the original debt is retired the lien of the mortgage is correspondingly reduced.

*Western Pennsylvania National Bank v. Peoples Union Bank & Trust Co.*, 439 Pa. 304, 266 A.2d 773, 775 (1970).

¶ 14 By its terms, the mortgage in this case secured a particular debt, namely the twenty-thousand-dollar obligation evidenced by the judgment note executed on November 27, 1996. Neither the note nor the mortgage indicated the mortgage covered future advances—*i.e.*, future attorney's fees. Therefore, construing the mortgage to secure fees incurred after the initial twenty-thousand dollars was legal error.

¶ 15 Because Weiss's testimony indicated the Tullochs' debts as of June 9, 1999, were paid or otherwise forgiven and because the mortgage did not secure the debt incurred by the Tullochs after the date of that mortgage, the judgment for Weiss in this mortgage foreclosure action cannot stand.

¶ 16 Based on the foregoing discussion, we vacate the judgment and remand for entry of judgment in favor of the Tullochs.[2]

¶ 17 Judgment vacated. Case remanded. Appellant's Application for Supersedeas Pending Appeal denied as moot. Jurisdiction relinquished.

---

2. Our decision involves only the mortgage in question. We express no opinion as to what amounts, if any, Tullochs might still owe Weiss for attorney's fees incurred after June 9, 1999.