Jeffrey W. FRANTZ, Appellee

v.

Carol Ann FRANTZ

Appeal of Paul J. McArdle, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 25, 2009.

Filed April 14, 2009.

Paul J. McArdle, Pittsburgh, for appellant.

Tricia R. Sorg, Pittsburgh, for appellee.

BEFORE: MUSMANNO, SHOGAN and COLVILLE*, JJ.

* Retired Senior Judge assigned to the Superior Court.

OPINION BY COLVILLE, J.:

¶ 1 Paul J. McArdle, Esq. ("Appellant") appeals the order striking his judgment lien that he claims had attached to certain realty. The trial court struck the lien because the court found the realty was held under the jurisdiction of the court during certain divorce proceedings and, being under the court's jurisdiction, the realty could not be attached by a lien such as Appellant's. The court's reasoning was based primarily on *Klebach v. Mellon Bank, N.A.*, 388 Pa.Super. 203, 565 A.2d 448 (1989), discussed more fully *infra*. Appellant, however, claims the court was without authority to strike the lien because it attached by operation of law as a combined result of 23 Pa.C.S.A. § 3507(a) (division of entireties property between divorced persons),[1] 42 Pa.C.S.A. § 4303(a) (effect of judgments and orders as liens),[2] and Pa.R.C.P. 3023 (judgment, lien, duration).[3] Primarily, he claims Pa.R.C.P. 3023 essentially abrogated *Klebach*. We affirm the order.

### Facts

¶ 2 Jeffrey and Carol Frantz ("Husband" and "Wife") held certain realty as tenants by the entireties. In May 2007, Husband filed a divorce complaint against Wife. For some part of the divorce proceedings, Appellant represented Wife. On or about January 8, 2008, he withdrew as her counsel and filed an action against her for unpaid legal fees.

¶ 3 On January 29, 2008, the Frantzes settled their equitable distribution claims by consent order. Part of the order awarded Husband the aforesaid realty as his sole property. By decree dated February 5, 2008, Husband and Wife were divorced.

¶ 4 On February 19, 2008, Appellant obtained a default judgment against Wife and filed a notice of judgment lien against all her real property.

¶ 5 It appears Husband filed a motion to strike the lien in an effort to ensure the realty awarded to him was not encumbered. Appellant filed a response, claiming that, upon entry of the divorce decree, the entireties realty became property held by tenants in common. Appellant's position was that, after Wife's interest became that of a tenant in common, but before her interest was conveyed (if indeed it was ever conveyed) by deed to Husband, Appellant obtained a judgment lien against Wife's in-common interest. The court disagreed and entered an order indicating the judgment lien had not attached to the realty in question.

1. **(a) General rule.**—Whenever married persons holding property as tenants by entireties are divorced, they shall, except as otherwise provided by an order made under this chapter, thereafter hold the property as tenants in common of equal one-half shares in value, and either of them may bring an action against the other to have the property sold and the proceeds divided between them.

   23 Pa.C.S.A. § 3507(a).

2. **(a) Real property.**—Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property on the conditions, to the extent and with the priority provided by statute or prescribed by General Rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county.

   42 Pa.C.S.A. § 4303(a).

3. (a) Except as provided by subdivision (b), a judgment when entered in the judgment index shall create a lien on real property located in the county, title to which at the time of entry is recorded in the name of the person against whom the judgment is entered.

   Pa.R.C.P. 3023.

¶ 6 Due to some confusing words in the order, the court attempted to clarify its intent by entering a second order as follows:

NOW, to wit, this 25th day of March 2008, it is hereby ORDERED and DECREED that in clarification of the Court's Order of March 11, 2008, the Motion to Strike Judgment Lien of the Plaintiff, Husband, is granted; and that the judgment lien arising on February 19, 2008, in favor of judgment creditor Paul J. McArdle did not attach to the interest of Carol Ann Frantz (if any) in the former entireties property. . . .

Final judgment shall be entered on this order.

Order of Court, 03/25/08.

¶ 7 In its later opinion, the court indicated its belief, pursuant to *Klebach,* that the realty in question simply could not be attached by Appellant's lien because the realty was held in the custody of the court pending the completion of the court-ordered conveyance into Husband's name alone.

¶ 8 After entry of the order striking the lien, Appellant filed this appeal.

*Analysis*

■ ¶ 9 Herein, Appellant holds to his claim that his lien arose by operation of law and that reliance on *Klebach* to strike the lien was error. These contentions involve questions of law. As such, our standard of review is plenary and we need not defer to the conclusions of the trial court. *Donald J. Weiss & Associates, P.C. v. Tulloch,* 961 A.2d 862, 863 (Pa.Super.2008).

¶ 10 We begin with *Klebach.* There, a husband and wife who held realty by the entireties were involved in divorce proceedings. A creditor obtained a judgment solely against the husband. Later, the husband and wife entered an agreement wherein the husband was to convey all his interest in the entireties property to the wife. A divorce decree was entered on a subsequent date. Thereafter, the parties executed a deed conveying the property to the wife. Eventually, the wife filed an action to quiet title to the aforesaid realty. Her purpose was to remove the lien that might have attached to the property as a result of the judgment against her former husband. The trial court found the creditor had no lien on the property. *Klebach,* 565 A.2d at 448–49.

¶ 11 On appeal, this Court discussed numerous principles. In doing so, we noted a judgment creditor may execute against entireties property if both spouses are joint debtors. *Id.* at 450. However, entireties property is not subject to execution arising from a judgment against only one spouse debtor. *Id.* Where only one spouse is the judgment debtor, the creditor has only a potential lien against the entireties property based on the debtor spouse's expectancy of becoming the sole owner. *Id.*

¶ 12 At the same time, however, we also noted the following statutory provision:

Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit against the other to have the property sold and the proceeds divided between them.

68 P.S. § 501, *repealed by* the Act of December 19, 1990, P.L. 1240, No. 206, § 6, effective ninety days thereafter; *see* 23 Pa.C.S.A. § 3507(a).[4]

¶ 13 Thus, we recognized that, according to 68 P.S. § 501, entireties property be-

---

4.   23 Pa.C.S.A. § 3507(a), reproduced *supra,* is the successor to 68 P.S. § 501. The relevant portions of both statutes are substantially the same.

came, upon divorce, property held in common. *Klebach,* 565 A.2d at 451. Moreover, we were aware that a judgment creditor may obtain a lien against property held by tenants in common even where the lien arises from a judgment against only one of the multiple tenants. *See id.*

¶ 14 In light of the foregoing principles, it appeared the *Klebach* creditor's lien arising from the judgment against the husband alone might have attached against the property in question because, following the divorce but before the transfer to wife alone, the property came to be held in common. *See id.*

¶ 15 Nevertheless, despite 68 P.S. § 501, this Court denied relief to the creditor. The Court reasoned that the property in question was under the court's jurisdiction because of the divorce proceedings. *Klebach,* 565 A.2d at 452. As such, the property was held *in custodia legis* until the parties complied with the court's order (*i.e.,* the order to convey the property). *Id.* Being held *in custodia legis,* the property was not subject to attachment by lien. *Id.* Consequently, this Court held the realty in question was never subject to the creditor's lien, and the property passed free of that lien when the parties conveyed it to the wife alone. *Id.*

■ ¶ 16 *Klebach* controls the case *sub judice.* The realty in question was held *in custodia legis* pending the deed conveyance into Husband's name. We understand Appellant's arguments that 23 Pa. C.S.A. § 3507(a), like the predecessor statute (*i.e.,* 68 P.S. § 501), converts entireties property into property held by tenants in common upon divorce, that interests held in common can be attached by a lien arising from a judgment against a single ten-

ant, and that liens generally arise, under 42 Pa.C.S.A. § 4303(a), upon attainment of a judgment properly indexed. Nevertheless, all these principles are subject to the principle enunciated in *Klebach* that property held *in custodia legis* because of divorce-related proceedings is not subject to attachment.

■ ¶ 17 Appellant's main argument, then, is that Pa.R.C.P. 3023(a), having been enacted after *Klebach* and having no language excepting property involved in divorce-related proceedings, abrogated *Klebach.* This argument is simply unpersuasive. We see nothing in Rule 3023(a) indicating the Supreme Court wanted to change existing law. Indeed, in the commentary relating generally to Rule 3023(a) and to various other contemporaneous rule amendments, the Supreme Court stated that the amended rules "do not effect a radical change in the law of judgment liens...." *See* Explanatory Comment preceding Pa.R.C.P. 3020.[5] We think it would surely be a radical change in the law of judgment liens if all the properties involved in divorce-related proceedings in this Commonwealth were potentially subject to third-party liens such as Appellant's when such properties were heretofore beyond such liens by virtue of being held *in custodia legis.* In short, we reject Appellant's contention that Pa.R.C.P. 3023(a) or any other provision he has cited for us abrogated *Klebach.* Therefore, his claim fails.

¶ 18 For the foregoing reasons, we affirm the order striking the judgment lien.

¶ 19 Order affirmed.

3023, *see* Explanatory Comment.

---

5. This comment, although preceding Rule 3020, applies to Pa.R.C.P. 3023. Pa.R.C.P.

COMMONWEALTH of Pennsylvania,
Appellee

v.

Dwayne BROWN, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 5, 2009.

Filed April 15, 2009.

Dwayne Brown, appellant, Pro Se.

Jason E. McMurry, Asst. Dist. Atty., Harrisburg, for Commonwealth, appellee.

BEFORE: STEVENS, KLEIN and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 Dwayne Brown appeals *pro se* from the trial court's order dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541–9546. On appeal Brown claims ineffectiveness [1] of counsel [2] due to

---

**1.** To prevail on an ineffectiveness claim, the defendant must show that the underlying claim had arguable merit, counsel had no reasonable basis for his or her action, and

a conflict of interest arising from trial counsel's dual representation of him and his co-defendant. Because Brown has set forth facts which show the potential for harm as a result of counsel's dual representation, we reverse and remand for a hearing on his petition.

## FACTS

¶ 2 Brown entered a negotiated guilty plea to two counts each of robbery, criminal conspiracy, and one count of delivery of a controlled substance. The charges were filed in connection with two separate robberies at a bank and Dairy Queen. Pursuant to a negotiated guilty plea, Brown was sentenced to a total term of 10–20 years' incarceration.[3] At the time of his guilty plea and sentencing, Brown was represented by Elizabeth Carmichael, Esquire. Attorney Carmichael also represented Brown's co-defendant, Justin Bryant, in the entry of his guilty plea to the exact same charges.

## DISCUSSION

■ ¶ 3 In his brief, Brown claims that he was prejudiced because counsel did not tell him that she was also representing Bryant, his co-defendant. Brown asserts that had he known about the dual representation, he would not have pled guilty.

■ ¶ 4 It has been well established that dual representation alone does not create a conflict of interest. *Common*

*wealth v. Bracey*, 224 Pa.Super. 294, 307 A.2d 320 (1973). While the mere existence of a conflict of interest vitiates the proceedings, a defendant still has the burden of demonstrating that a conflict of interest actually did exist. In order to carry this burden, the defendant need not show that *actual* harm resulted, but he must at least show the *possibility* of harm. *Commonwealth v. Joyner*, 489 Pa. 502, 414 A.2d 1003, 1005 (1980) (emphasis added), *citing Commonwealth v. Breaker*, 456 Pa. 341, 318 A.2d 354, 356 (1974).

¶ 5 In *Breaker*, the Supreme Court further clarified "the possibility of harm" standard for dual representation claims. Specifically, the Court stated that the standard also includes an attorney's ethical obligations as set forth in the American Bar Association's Code of Professional Responsibility (Code). *Id.* at 357–58. Section 5–16 of the Code provides that "before a lawyer may represent multiple clients, he should fully explain to each client the implications of the common representation and should accept or continue employment only if the client consents." ABA Code of Professional Responsibility EC 5–16.

¶ 6 Here, Brown claims not only that he failed to consent to Attorney Carmichael representing both him and Bryant, but Attorney Carmichael completely failed to inform Brown that she was also representing one of his codefendants. In addition, Brown alleges that counsel told him that if

counsel's action resulted in prejudice to the defendant. *Commonwealth v. Prince*, 719 A.2d 1086, 1089 (Pa.Super.1998).