**[J-58-2017] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| SCF CONSULTING, LLC, | : | No. 7 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on 7/8/2016 at No. 1413 |
| | : | EDA 2015 affirming the Order entered |
| v. | : | on 4/24/2015 in the Court of Common |
| | : | Pleas, Philadelphia County, Civil |
| | : | Division at No. 01613 February Term, |
| BARRACK, RODOS & BACINE, | : | 2015. |
| | : | |
| Appellee | : | ARGUED:  September 12, 2017 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE BAER**                                         **DECIDED:  December 19, 2017**

This appeal presents the issue of whether a law firm that enters into an unethical fee-sharing agreement with a non-lawyer consulting firm may invoke the law firm's own ethical malfeasance as a defense in a subsequent contract action to enforce the agreement.[1]  The Opinion Announcing the Judgment of the Court ("OAJC") holds that while the unethical nature of the fee agreement does not render the contract *per se* unenforceable as a violation of public policy, the fee agreement may, nonetheless, be unenforceable if the non-lawyer bears responsibility relative to the material ethical violation.  *See* OAJC at 6 (holding that "the contract cause of action is not *per se* barred by the purported infraction on [the law firm's] part," but observing that "[t]he ultimate

---

[1] The law firm herein denies having entered into a fee-sharing agreement with the non-lawyer.  However, the complaint against the law firm alleges that such an agreement exists, and because this case is at the preliminary objections stage, the allegations in the complaint are taken as true.  *See* OAJC at 4 n.2.

outcome of this case may turn on factual findings concerning [the non-lawyer's] culpability, or the degree thereof, relative to the alleged ethical violation").

I agree with the OAJC insofar as it holds that a fee-sharing agreement between a lawyer and a non-lawyer in violation of Rule of Professional Conduct ("RPC") 5.4(a) is not *per se* unenforceable as a violation of public policy.[2][3]  However, because a non-lawyer is not bound by the Rules of Professional Conduct, the non-lawyer committed no unethical or illegal act by entering into the agreement and, thus, can bear no measure of responsibility relative to the law firm's material violation of the rules governing the profession.  Accordingly, I would go farther than the OAJC and would hold that the fee-sharing agreement at issue does not violate public policy.  To ensure compliance with the professional conduct rules prohibiting the type of fee-sharing agreement at issue, I would refer the law firm or responsible attorney to the Disciplinary Board for prosecution of purported ethical violations and imposition of disciplinary sanctions.

I reach this conclusion in consideration of well-settled law establishing that the Rules of Professional Conduct cannot serve as the basis to alter substantive law by invalidating an otherwise enforceable agreement.  See *In re Estate of Pedrick*, 482 A.2d 215, 217 (Pa. 1984) (holding that an attorney's misconduct in unethically designating himself as a beneficiary in a will could not be used to alter substantive law by invalidating the will); *Commonwealth v. Chmiel*, 738 A.2d 406, 415 (Pa. 1999) (holding that the rules that govern the ethical obligations of the legal profession do not constitute

---

[2] Pa.R.P.C. 5.4 (a) provides that, subject to enumerated exceptions, "[a] lawyer or law firm shall not share legal fees with a non-lawyer."

[3] In so holding, the OAJC appears to have rejected, properly in my view, the Superior Court's decision in *Wishnefsky v. Riley & Fanelli, P.C.*, 799 A.2d 827 (Pa. Super. 2002) (holding that unethical fee sharing agreements between a lawyer and non-lawyer are unenforceable as violative of public policy, irrespective of the non-lawyer's knowledge or ignorance of the unethical nature of the agreement).

substantive law); *Donald J. Weiss & Assoc. v. Tulloch*, 961 A.2d 862, 863 (Pa. Super. 2008) (holding that the Rules of Professional Conduct cannot be used as a substantive basis to render illegal and unenforceable a mortgage that violates RPC 1.8's prohibition against conflicts of interest).

The Rules of Professional Conduct themselves suggest their inability to modify substantive law. The preamble to the rules provides that rule violations "should not give rise to a cause of action against a lawyer" and "are not designed to be a basis for civil liability." Pa.R.P.C., Preamble, at ¶ 19. Germane to the instant case, the preamble further states that "the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons." *Id.* A similar subversion of the professional conduct rules arises herein when the law firm invokes its unethical conduct as a shield to immunize itself from a contractual duty.

To avoid such distortion of the professional conduct rules, I would hold that the public policy of this Commonwealth requires that lawyers and law firms be estopped from invoking their own ethical violations as a defense to payment under fee-sharing contracts entered into in violation of RPC 5.4. *See, e.g., Ballow, Brasted, O'Brien & Rusin P.C. v. Logan*, 435 F.3d 235, 242-43 (2d Cir. 2006) (holding that an attorney may not use the ethical rules governing the practice of law to avoid his obligations under an agreement to which he freely consented and reaped the benefits); *Potter v. Pierce*, 688 A.2d 894, 897 (Del. Supr. 1997) (holding that, as a matter of public policy, a lawyer may not be rewarded for violating a rule of conduct by using it to avoid a contractual obligation because, to hold otherwise, would encourage non-compliance with the rule and would create incentives for malfeasance); *see also Shimrak v. Garcia-Mendoza*, 912 P.2d 822, 826 (Nev. 1996) (holding that it would be unfair to adopt a double standard and allow attorneys to receive free services simply by claiming that the other

party to the contract was *in pari delicto* with them when the other party was a layperson not bound by the professional conduct rules).

In my view, this Court can both avoid the perils arising from unethical fee-sharing contracts and preserve contractual agreements so as to ensure that the parties obtain the fair and reasonable compensation to which they are entitled by enforcing such fee-sharing contracts, but sanctioning, swiftly and harshly, attorneys who violate the disciplinary rules in this regard.

Accordingly, I would reverse the Superior Court's judgment, which affirmed the trial court's order sustaining the law firm's preliminary objections, and remand the case to the trial court for further proceedings.

Justice Todd joins this concurring and dissenting opinion.