J-S34001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ARTHUR F. SILVERBLATT, ESQ. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXA BROWN | : | |
| | : | |
| Appellant | : | No. 1904 MDA 2019 |

Appeal from the Order Entered October 18, 2019
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2011-CV-329

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 28, 2020**

Appellee, Arthur F. Silverblatt, Esquire, represented Appellant, Alexa Brown in divorce proceedings from approximately 2007 until 2010. After the entry of a final decree in divorce, Attorney Silverblatt sought to recover unpaid legal fees from the proceeds of the sale of real estate that had been owned by Brown and her ex-husband by the entireties. On appeal, Brown argues the trial court erred in letting Attorney Silverblatt execute his judgment against the escrow account. We affirm.

After he withdrew from the matter in 2010, Attorney Silverblatt obtained a default judgment on his claim that Brown owed him $16,601.39 in unpaid legal fees. He later transferred the judgment to Lackawanna County, and subsequently revived the judgment on April 5, 2017.

After equitable distribution was resolved, a final decree of divorce was filed ending Brown's marriage on January 17, 2019. Attorney Silverblatt moved to collect his judgment from an escrow account held by Brown's ex-husband's attorney. The escrow account held the proceeds from the sale of real estate owned by Brown and her husband by the entireties.

Brown's ex-husband filed an answer to Attorney Silverblatt's motion. He did not oppose the relief sought by Attorney Silverblatt; he merely requested that the relief be delayed until it was clear the account had sufficient funds to meet all other prioritized obligations. Brown filed an answer asserting two primary defenses: (1) that she had not been properly served with the motion, and (2) that the escrow funds were still held by the entireties and therefore immune from Attorney Silverblatt's attempt to execute his default judgment. Brown also claimed the trial court lacked jurisdiction to do anything with the escrow account while her appeal from the economic aspects of the divorce was pending in this Court.[1]

The trial court postponed disbursing any funds from the escrow account until after Brown's appeal was dismissed by this Court and her ex-husband certified that disbursement was appropriate. The court held a hearing on October 16, 2019, where both Brown and her ex-husband presented evidence.

_____

[1] Brown's appeal was docketed at 319 MDA 2019, and was dismissed on September 11, 2019, due to Brown's failure to file a brief.

- 2 -

After receiving the evidence, the trial court entered two related orders. In the first, docketed in the divorce case, the court disbursed the remaining funds in the escrow account, including sums to both Brown and her ex-husband. The award to Brown included a footnote indicating that $16,601.39 had been deducted from her share pursuant to the second order entered by the court. The second order was docketed to the present case, and directed the disbursement of the same sum from Brown's share of the escrow account. This timely appeal followed.

On appeal, Brown raises two arguments. Both of her claims raise challenges to legal conclusions made by the trial court. Both challenges constitute questions of law. Therefore, our standard of review is plenary and no deference is due to the challenged conclusions. **See Frantz v. Frantz**, 972 A.2d 525, 527 (Pa. Super. 2009).

First, Brown contends the court erred in allowing Attorney Silverblatt to execute his judgment against her share of the escrow account, as she believes it was still legally property owned by the entireties. When a husband and wife take title to a property during their marriage, it is legally owned, indivisibly, by both. **See Johnson v. Johnson**, 908 A.2d 290, 295 (Pa. Super. 2006).

There are several distinctions between property owned by the entireties and joint ownership of property by those who are not married. Of most relevance to this appeal is the maxim that property owned by the entireties is not subject to the claims of a creditor who only has claims against one of the

spouses. *See id*. Further, the mere sale of the entireties property does not act to change the nature of the proceeds of the sale. *See id*.

It is upon this slender reed that Brown bases her argument. She contends the money in the escrow account was the proceeds of the sale of entireties property. She therefore argues that it was completely impervious to Attorney Silverblatt's claims, since he did not have a claim against her ex-husband.

What Brown fails to acknowledge is that upon divorce, entireties property is converted automatically to a tenancy in common. *See* 23 Pa.C.S.A. § 3507(a). Contrary to the protections granted to property owned by the entireties, property owned in common is not immune from creditors of only one of the owners. *See Frantz,* 972 A.2d at 528.

We acknowledge that the Court in *Frantz* held that property held in the custody of the court pending litigation did not automatically lose its character as entireties property once a divorce decree is entered. *See id*. However, that exception does not apply here.

Here, a decree in divorce had already been entered. Thereafter, the court disbursed the money in the escrow account to the parties and their creditors. The money disbursed was no longer in the custody of the court, as the court had directed that the money be disbursed. Brown's first issue merits no relief.

Before we address Brown's second issue, we note that in her statement of questions involved Brown presented her second issue as a due process claim, asserting that the lien should have been dismissed due to insufficient process and service. However, in the argument section of her brief, Brown abandons this issue entirely and instead makes an argument based on lack of jurisdiction of the trial court. An issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived. **See Commonwealth v. Rodgers**, 605 A.2d 1228, 1239 (Pa. Super. 1992). As Brown failed to address the matter presented in her statement of questions presented, we find it waived. Further, issues not presented in the statement of questions involved portion of a brief typically will not be considered. Pa.R.A.P. 2116(a). Therefore, Brown's issue addressed in the argument section of her brief could also be considered waived. However, as the issue is arguably jurisdictional, and we nevertheless find it without merit, we will briefly address the matter.

In her second issue on appeal, Brown claims the trial court lacked subject matter jurisdiction in this matter. Although Brown's claim is difficult to parse, to the best we can discern, she claims the trial court erred in addressing Attorney Silverblatt's motion under her divorce docket. She claims that the court's action deprived her of her property in the absence of due process.

Brown misrepresents the record. Here, even Brown does not contend that the court lacked jurisdiction to direct the disbursement of the funds in the

escrow account. *See* 23 Pa.C.S.A. § 3104(a). Further, Brown does not argue that Attorney Silverblatt did not have a default judgment entered against her for unpaid attorney's fees. When Attorney Silverblatt's judgment was filed of record in Lackawanna County, it acted as a lien upon *all* of Brown's real property in the county. *See In re Upset Sale, Tax Claim Bureau of Berks County*, 479 A.2d 940, 943 (Pa. 1984).

As discussed previously, Attorney Silverblatt could not execute on that lien until after the divorce decree was entered and the court relinquished jurisdiction over the proceeds of the sale of the real property. But once those two conditions were met, the court was required to enforce the lien as requested by Attorney Silverblatt. *See id*. (noting that the judgment lien prevents the debtor from conveying any property so as to divest the lienholder of the benefit of the lien).

And in fact, despite Brown's contention, the trial court did not direct the disbursement of escrow funds to Attorney Silverblatt under the divorce docket. While it did enter an order disbursing funds at the divorce docket, that order merely references the order the court entered under the civil docket created by Attorney Silverblatt's motion. That order is the operative order, and it is appropriately docketed.

Under these circumstances, we cannot conclude the trial court lacked jurisdiction to enforce the lien. Brown's final argument merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2020